[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15654
Non-Argument Calendar

_____

D. C. Docket No. 07-00044-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CUAHTEMOC CARBAJAL-LOPEZ,
a.k.a. Cuauhtemoc Carbajal Lopez,
a.k.a. Carbajal L. Cuauhtemoc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 2, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Cuahtemoc Carbajal-Lopez appeals his 57-month sentence imposed for re-entry into the United States after deportation. On appeal, Carbajal-Lopez argues that the district court imposed an unreasonable sentence because it (1) failed to adequately consider his mitigation evidence, (2) did not give specific reasons for the sentence imposed, and (3) focused too heavily on the offense of conviction. For the reasons set forth below, we affirm.

Our review of the final sentence imposed by the district court is for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam). The Supreme Court has explained that the reasonableness standard means review for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Id.* A sentence is procedurally unreasonable if the district court improperly calculated the guideline imprisonment range, treated the Guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to adequately explain its reasoning. *Id.* If the district court made no procedural errors, then the substantive reasonableness of the sentence is reviewed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Id.* at 600.

2

The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).  When a district court sentences a defendant within the guidelines range, only a brief discussion of the reasons for the sentence is required and the district court need not explicitly address each of the sentencing factors.  *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that nothing in *Booker* requires that the district court state it has explicitly considered each § 3553(a) factor).  "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788.

The district court did not impose an unreasonable sentence because it correctly applied the guidelines and adequately considered all the sentencing factors in imposing a within-guidelines sentence.  Accordingly, we affirm Carbajal-Lopez's sentence.

**AFFIRMED.**